UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PETER ALLEN WHARTON,

    Plaintiff,

v.                                            CAUSE NO. 3:21-CV-861 DRL-MGG

ST. JOESPH COUNTY JAIL *et al.*,

    Defendants.

OPINION AND ORDER

Peter Allen Wharton, a prisoner without a lawyer, filed a complaint (ECF 1) alleging that a dentist attempted to extract his tooth, but the procedure was unsuccessful. Part of the tooth could not be removed, and Mr. Wharton was told that it would need to be surgically removed by an outside dentist. He was also told that he would receive pain medication. Following the procedure, he had difficulty obtaining the pain medication prescribed by the dentist. Over six weeks later, when he drafted his complaint, he remained in pain and had not yet been assessed by an outside dentist. He seeks preliminary injunctive relief. Because of the seriousness of this claim, there is not time to review the other claims in the complaint before ordering a response. Therefore, they will be taken under advisement and screened as required by 28 U.S.C. § 1915A at a later date.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Warden Olmstead has both the authority and the responsibility to ensure that Mr. Wharton receives constitutionally adequate dental care, as required by the Fourteenth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Wharton will be allowed to proceed on an official capacity claim against Warden Olmstead for permanent injunctive relief.

For these reasons, the court:

(1) GRANTS Peter Allen Wharton leave to proceed against Warden Russel Olmstead in an official capacity to obtain permanent injunctive relief to address Mr. Wharton's painful dental condition as required by the Fourteenth Amendment;

(2) TAKES UNDER ADVISEMENT all other claims for later screening as required by 28 U.S.C. § 1915A;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Russel Olmstead at the St. Joseph County Sheriff's Department with a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(4) DIRECTS the clerk to fax or email a copy of the same documents to Warden Russel Olmstead at the St. Joseph County Jail;

(5) ORDERS Warden Russel Olmstead to file and serve a response to the request for preliminary injunction contained in Mr. Wharton's complaint, as soon as possible but

not later than **November 30, 2021** (with supporting medical documentation and declarations from other staff as necessary) explaining how Mr. Wharton's dental needs are being met in a manner that complies with the Fourteenth Amendment; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Russel Olmstead to <u>NOT RESPOND</u> to the complaint until the court screens the remaining claims as required by 28 U.S.C. § 1915A.

SO ORDERED.

November 11, 2021    *s/ Damon R. Leichty*
                    Judge, United States District Court