UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PETER ALLEN WHARTON,

    Plaintiff,

v.                                     CAUSE NO. 3:21-CV-861-DRL-MGG

ST. JOESPH COUNTY JAIL *et al.*,

    Defendants.

## OPINION AND ORDER

Peter Allen Wharton, a prisoner without a lawyer, filed a complaint. ECF 1. Mr. Wharton was granted leave to proceed against Warden Russel Olmstead in an official capacity to obtain permanent injunctive relief to address Mr. Wharton's painful dental condition as required by the Fourteenth Amendment. ECF 4. All other claims were taken under advisement for later screening as required by 28 U.S.C. § 1915A. The case was later dismissed when Mr. Wharton did not respond to a show causer order (ECF 18) and then reopened (ECF 28). The remaining claims must now be screened.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Wharton alleges that, on September 17, 2021, around 11:00 a.m., he was seen by a dentist at the St. Joseph County Jail. He was given an anesthetic for pain and numbness in the lower frontal region of his mouth. The dentist then attempted to extract an infected tooth. Mr. Wharton does not believe that the tools the dentist used were sterile because they were not wrapped in plastic, and they were taken from what looked like an ordinary toolbox. During the procedure, the top of Mr. Wharton's tooth broke off, and the dentist then attempted to pry out the remainder of the tooth, causing a previously straight tooth to become crooked. The dentist pushed his gum down to try to expose the tooth. At one point, a tool slipped and stabbed a hole in Mr. Wharton's cheek. Ultimately, the dentist concluded that he could not remove the root of the tooth and, according to Mr. Wharton, said that he would need surgery. Mr. Wharton also asserts that the dentist told Mr. Wharton he would give him something for the pain, but he did not receive any pain medication. As the numbness wore off, Mr. Wharton had sharp pain and he was finding bits of tooth in his mouth, including a piece lodged under his tongue, which did not work its way out for more than a month. The pain was so severe that it prevented him from eating and sleeping.

By the time Mr. Wharton saw the dentist again, he had been prescribed an antibiotic by another provider. However, he still had an infection, so the dentist prescribed a different antibiotic. When Mr. Wharton wrote the complaint, his pain had lessened, but he had not been seen by an outside dentist or scheduled for surgery.[1]

---

[1] During proceedings related to Mr. Wharton's request for a preliminary injunction, the dentist was identified as Dennis Carter, DDS. While the court must accept Mr. Wharton's assertion as

Because Mr. Wharton was a pretrial detainee when the events he described occurred, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to constitutionally adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and quotations omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Mr. Wharton describes a serious medical need, and—accepting the allegations of the complaint as true—a reasonable factfinder could say the dentist knowingly or recklessly failed to address that need in an objectively reasonable manner. Therefore, Mr. Wharton may proceed against the dentist. Though Mr. Wharton sued the dentist without

---

true at the screening stage, the court notes that Dr. Carter denies recommending surgery. ECF 10-1 at ¶ 10.

providing his name, in response to Mr. Wharton's request for a preliminary injunction, it became clear that the dentist that performed the extraction was Dennis Carter, DDS. In light of the court's duty to assist Mr. Wharton in locating and obtaining service over defendants, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990), the clerk will be ordered to substitute Dennis Carter, DDS, for the unnamed St. Joseph County Jail Dentist.

Mr. Wharton also sued Nurse Megan. Following the dental procedure, Mr. Wharton says he begged every nurse he saw, including Nurse Megan, for pain medication, but he received no help. Mr. Wharton believes Nurse Megan should have checked the medication book when Mr. Wharton told her that the medication he believed the dentist prescribed for him was not on the cart. It can be plausibly inferred that she did nothing to verify Mr. Wharton's claim that he should be receiving pain medication. A reasonable factfinder could say this was unreasonable given Mr. Wharton's repeated pleas for help with severe pain. Accordingly, he will be permitted to proceed against Nurse Megan.

Mr. Wharton has named Nurse Alice as a defendant, but he does not make specific allegations regarding her. Accordingly, she must be dismissed.

Mr. Wharton also sued Nurse Supervisor Jeff and Nurse Jarrard. Mr. Wharton had some bleeding following the procedure. When he wrote to the medical staff on September 18, 2021, the day after the extraction, Nurse Supervisor Jeff responded the next day by indicating that what Mr. Wharton described was normal following an extraction, and that

4

he was scheduled for a follow-up appointment during the next dental clinic. ECF 1-1 at 2.

Mr. Wharton wrote a grievance on September 19, 2021. ECF 1-1 at 4. And, he wrote a medical request on September 20, 2021, that addressed his dental concerns among other medical issues. The next day, Mr. Wharton talked with Nurse Jarrard who provided Mr. Wharton with another medical request form and said he would personally take care of it. Mr. Wharton says that nothing was done, but Nurse Supervisor Jeff responded to the medical request on September 22, 2022, by indicating that Mr. Wharton was on the list to be seen for his other issues on Thursday, and that they would discuss his dental issues at that time. ECF 1-1 at 5. After two weeks, the head nurse prescribed Mr. Wharton aspirin for pain and an antibiotic and scheduled him to see the dentist. It cannot be plausibly inferred from these allegations that either Nurse Supervisor Jeff or Nurse Jarrard's actions in response to Mr. Wharton's concerns were objectively unreasonable. Therefore, he may not proceed against them.

Mr. Wharton also sued an unnamed medical provider that he met with following his September 20, 2021 medical request. When Mr. Wharton met with the unidentified head nurse or doctor, she told him that she isn't a dentist and can't help him; she could only refer him to the dentist. It cannot be plausibly inferred that the provider's response to his request for care was objectively unreasonable.

Mr. Wharton wrote Warden Olmstead and asked for help. It's unclear when he wrote to Warden Olmstead, or what he said in that correspondence. At some point following the procedure (again it is unclear when), his sister reached out to Warden

5

Olmstead who said he would check on Mr. Wharton personally; he didn't. Failure to respond to a single letter regarding allegedly inadequate dental care doesn't rise to the level of a constitutional violation. Similarly, though it may be unprofessional that Warden Olmstead gave his word that he would check on Mr. Wharton and didn't follow through, this doesn't rise to the level of a constitutional violation.

As for the claim for injunctive relief against Warden Russel Olmstead that was originally permitted to proceed, it has become moot because Mr. Wharton is no longer housed at the St. Joseph County Jail. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Here, there is no reason to believe that Mr. Wharton is likely to be transferred back to the St. Joseph County Jail. Therefore, Warden Olmstead's motion to dismiss (ECF 29) will be granted.

Finally, Mr. Wharton cannot sue the St. Joseph County Jail. The St. Joseph County Jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

For these reasons, the court:

(1) ORDERS the clerk to substitute Dennis Carter, DDS, for the unnamed St. Josesph County Jail Dentist;

(2) GRANTS Peter Allen Wharton leave to proceed against Dennis Carter, DDS, in his individual capacity for compensatory and punitive damages for providing

constitutionally inadequate dental care to Mr. Wharton beginning on September 17, 2021, in violation of the Fourteenth Amendment;

(3) GRANTS Peter Allen Wharton leave to proceed against Nurse Megan in her individual capacity for compensatory and punitive damages for responding to Peter Allen Wharton's medical needs in late September and early October 2021 in an unreasonable manner, in violation of the Fourteenth Amendment;

(4) GRANTS Warden Olmstead's motion to dismiss (ECF 29);

(5) DISMISSES all other claims;

(6) DISMISSES the unnamed N.P./Doctor, Nursing Supervisor Jeff, Russ Olmstead, Nurse Alice, Nurse Jerrard, and the St. Joesph County Jail;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dennis Carter, DDS, and Nurse Megan at the St. Joseph County Jail, with a copy of this order and the complaint (ECF 1);

(8) ORDERS the St. Joseph County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dennis Carter, DDS, and Nurse Megan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

February 7, 2023  *s/ Damon R. Leichty*
Judge, United States District Court