UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PETER ALLEN WHARTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-861-DRL-JEM |
| DENNIS CARTER, DDS *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Peter Allen Wharton, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Dennis Carter, DDS, in his individual capacity for compensatory and punitive damages for providing [] inadequate dental care to Mr. Wharton beginning on September 17, 2021, in violation of the Fourteenth Amendment[.]" ECF 35 at 7-8. Second, he is proceeding "against Nurse Megan in her individual capacity for compensatory and punitive damages for responding to Peter Allen Wharton's medical needs in late September and early October 2021 in an unreasonable manner, in violation of the Fourteenth Amendment[.]" *Id.* at 8. Nurse Megan filed a motion for summary judgment, arguing Mr. Wharton didn't exhaust his claim against her before filing this lawsuit. ECF 69.[1] Mr. Wharton filed a response, and Nurse Megan filed a reply. ECF 74, 76. The summary judgment motion is now ripe for ruling.

---

[1] Dr. Carter has not moved for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Nurse Megan provides an affidavit from Warden Olmstead of the St. Joseph County Jail. The St. Joseph County Jail maintains a two-step grievance process that requires an inmate to submit a grievance form to the pod deputy, wait for a response, and then submit a new grievance form to the Jail Commander for second review. ECF 71-1 at 2; ECF 71-2 at 12. The grievance procedure does not set any deadlines within which an inmate must submit his grievance forms. ECF 71-1 at 2. On September 19, 2021, Mr. Wharton submitted Grievance 09-21-065 to the pod deputy, complaining medical staff denied him pain medication. *Id.* at 3; ECF 71-4. That same day, the pod deputy issued a response denying the grievance. *Id.* At no time did Mr. Wharton submit a second grievance to the Jail Commander, which was a necessary step to exhaust the grievance. ECF 71-1 at 3. Instead, on November 19, Mr. Wharton submitted an unrelated grievance complaining he didn't receive all the items in his commissary order. *Id.*; ECF 71-3.

3

In his response, Mr. Wharton concedes he never submitted a second grievance to the Jail Commander after the pod deputy denied Grievance 09-21-065. ECF 74. Instead, he argues he was unable to submit a second grievance because he repeatedly requested a grievance form from prison staff and was denied. *Id.* at 5-6. However, it is undisputed Mr. Wharton was able to obtain and submit a grievance form on November 19 about an unrelated issue. ECF 71-1 at 3; ECF 71-3. Because the St. Joseph County Jail's grievance process does not set any deadlines, Mr. Wharton could have submitted a second grievance regarding the denial of pain medications at that time. Because it is undisputed Mr. Wharton was able to obtain and submit a grievance form on November 19, 2021, and he provides no explanation for why he didn't submit a second grievance regarding the denial of pain medications at that time, the undisputed facts show Mr. Wharton had available administrative remedies he didn't exhaust before filing this lawsuit. Summary judgment is therefore warranted in favor of Nurse Megan.

For these reasons, the court:

(1) GRANTS Nurse Megan's motion for summary judgment (ECF 69);

(2) DISMISSES Nurse Megan from this action; and

(3) REMINDS the parties this case is now proceeding only on Mr. Wharton's remaining claim against Dennis Carter, DDS, in his individual capacity for compensatory and punitive damages for providing constitutionally inadequate dental care to Mr. Wharton beginning on September 17, 2021, in violation of the Fourteenth Amendment.

SO ORDERED.

February 13, 2024                              *s/ Damon R. Leichty*
                                               Judge, United States District Court